Arlyce GRANELL, et al., Esther Schmidt, et al., Respondents,

v.

VETERANS OF FOREIGN WARS MILTON BARBER POST NO. 3871, Appellants.

No. C4-84-1211.

Court of Appeals of Minnesota.

Nov. 13, 1984.

David M. Gilbertson, Janice M. Nelson, Montevideo, Eric DeRycke, Lake Benton, for respondents.

Allan Swen Anderson, Granite Falls, for appellants.

Considered and decided by CRIPPEN, P.J., and HUSPENI and NIERENGARTEN, JJ., with oral argument waived.

## OPINION

CRIPPEN, Judge.

Appellant Veterans of Foreign Wars Milton Barber Post No. 3871 appeals from summary judgment in favor of respondents Arlyce Granell, Lee Granell, George Lechner, Esther Schmidt and LouAnne Kling. Respondents alleged a violation of the Minnesota Fair Labor Standards Act; specifically, minimum wage and overtime provisions. The trial court granted summary judgment after ruling that appellant's Motion in Opposition to Summary Judgment failed to establish a genuine issue as to any material fact. Judgment was entered granting the sum claimed, interest, liquidated damages and attorney fees. We reverse.

## FACTS

Respondents are former employees of appellant. Each filed a claim with the Division of Labor Standards of the Minnesota Department of Labor. After investigation of the claims, the Division determined that

appellant had failed to pay each respondent the statutory minimum wage. Appellant refused to pay respondents the amount the state had found owing. Respondents began separate actions against appellant. Prior to the hearing on respondents' motion for summary judgment, the five cases were consolidated. Affidavits filed by appellant contend that respondents claim payment for hours they did not work.

## ISSUE

Did the trial court err in granting summary judgment in favor of respondents on the minimum wage claim?

## ANALYSIS

■ A trial court may grant summary judgment when "there is no genuine issue as to any material fact," and a party "is entitled to a judgment as a matter of law". Minn.R.Civ.P. 56.03. All factual inferences must be resolved in favor of the non-moving party. *Nord v. Herreid*, 305 N.W.2d 337, 339 (Minn.1981). As a result, summary judgment is inappropriate when a material fact is at issue.

In the present case, a genuine issue of material fact exists. Respondents claim appellant has failed to pay them minimum wage, and adequately compensate them for overtime work. These actions are in violation of the Minnesota fair labor standards act, Minn.Stat. §§ 177.21–.35 (1982 and Supp.1983). Appellant contends that respondents' claims are based on inaccurate records, and include compensation for hours respondents were not working.

Affidavits filed by appellant challenge several of respondents' claims. Affiants state that the VFW held monthly meetings. During these meetings, the club was closed. However, on January 18, 1982, one of the respondents attended the post meeting, and included that time in the number of hours worked for that day. Evidence suggests this occurred on other occasions as well. In the absence of evidence that such attendance is part of necessary job performance, we must infer that it is not.

Payment for this time is an issue to be resolved at trial.

Appellant's affiants also contend that two respondents repeatedly claim compensation due for hours they were not present in the club. The work records indicate that respondents began work between 8:00 and 9:00 a.m. However, affiants state they did not arrive until 10:00 or 11:00 a.m. It is improper to resolve this factual question by summary judgment.

Appellant's affidavits also raise questions regarding the length of shifts, and the number of hours per week that each employee worked. These are also material facts which should be resolved at trial.

■ "[S]ummary judgment is a 'blunt instrument' and * * * should be employed only where it is perfectly clear that no issue of fact is involved." *Nord v. Herreid*, 305 N.W.2d at 339 (Minn.1981), citing *Donnay v. Boulware*, 275 Minn. 37, 45, 144 N.W.2d 711, 716 (1966). Because genuine issues as to material facts are present in this case, summary judgment was improperly granted.

## DECISION

The summary judgment is reversed and remanded for trial on the merits.

Reversed and remanded.